**UNITED STATES of America ex rel. Michael A. McCLAUGHLIN et al., Plaintiffs,**

**v.**

**The PEOPLE OF the STATE OF NEW YORK et al., Defendants.**

**Nos. 73-C-55, 73-C-113.**

United States District Court, E. D. New York.

April 6, 1973.

Michael A. McLaughlin, pro se.

Patrick M. Wall, The Legal Aid Society, New York City, for defendants.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Defendant Legal Aid Society has moved to dismiss the complaints against it for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).

The complaint in 73–C–55 asserts as a first cause of action that both The Legal Aid Society itself and the panel of attorneys assigned to indigents under Article 18–B of the County Law, McKinney's Consol.Laws, c. 11, fail to consult with plaintiffs at their place of detention or to conduct any effective fact-finding and that The Legal Aid Society refuses to submit requested motions on behalf of the plaintiff class. The second cause of action recites that the congested condi-

tion in the Kings County Supreme Court has forced Legal Aid attorneys to take a case load which precludes the necessary attention to individual defendants. The third cause of action recites that The Legal Aid Society's excessive burden makes it necessary for defendants to submit *pro se* motions which the Clerk of the Criminal Term, also a defendant, refuses to accept.

The complaint in 73–C–113 asserts in its first cause of action that The Legal Aid Society and others are responsible for protecting indigent defendants' state and constitutional rights; that there have been various systematic violations of the legal and constitutional rights of persons accused of felonies, including forcing them to depend on inefficient and inadequate attorneys and condoning practices of court assigned counsel which are contrary to the canons of professional ethics; that counsel assigned through The Legal Aid Society fail to consult with their clients or to formulate effective and adequate defenses; and as a second cause of action that The Legal Aid Society fails to assign more black and Puerto Rican attorneys to indigent defendants.

Both actions are described as class actions on behalf of all indigent incarcerated defendants indicted for felony in the County of Kings. Thus they supplement a prior pending action in this court, Wallace et al. v. Kern et al., 72–C–898, which was granted status as a class action by Memorandum and Order dated February 27, 1973 (after the filing of the two captioned McLaughlin actions). The present actions seek injunctive relief, and not damages.

The facts alleged in the complaints must be taken as true for the purposes of this motion. In a *pro se* prisoner action, the complaints need not be as precise in their allegations as might be demanded of experienced attorneys. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The Legal Aid Society relies on the cases which have held that an attorney

appointed to represent an accused in a state criminal proceeding is not acting under color of state law and therefore is not subject to suit under the Civil Rights Act. *E. g.,* Espinoza v. Rogers, 470 F.2d 1174 (10th Cir. 1972); Brown v. Duggan, 329 F.Supp. 207 (W.D.Pa. 1971).

Almost uniformly, the cases cited represent suits for damages against individual attorneys based on their acts in individual cases. Most of the cases simply state that the Civil Rights Act does not encompass tort actions for malpractice.

In none of the cases was there a request for equitable relief against concerted action among attorneys, state agencies and judges. The nearest example of such a case is Palermo v. Rockefeller, 323 F.Supp. 478 (S.D.N.Y.1971), which related to non-compliance with an agreement to secure plaintiffs' release on parole. Judge Mansfield there refused to dismiss the complaint as against Parole Board officials and the Police Department representative, and granted leave to file an amended complaint against district attorneys and their assistants, although apparently not against *private* attorneys who had represented the plaintiffs. 323 F.Supp. at 486.

Significantly, Judge Masterson stated in Myers v. Couchara, 313 F.Supp. 873, 874 (E.D.Pa.1970):

> We recognize that there may be cases where an attorney acts in conspiracy with state officers such that the attorney may lose his immunity to suit under the Civil Rights Act . . . This, however, is not such a case.

See also Pugliano v. Staziak, 231 F. Supp. 347, 351 (W.D.Pa.1964), aff'd, 345 F.2d 797 (3d Cir. 1965).

In the present actions, the claims are not against individual attorneys, but against The Legal Aid Society itself, and against the City of New York and the judges who appoint attorneys for indigent defendants.

■ The court may take judicial notice that The Legal Aid Society is a not-for-profit corporation managed by a board of directors, few of whom represent indigent defendants in the Kings County Supreme Court, and some of whom are laymen. Moreover, as was made known in Wallace v. Kern, The Legal Aid Society is a party to a 1966 contract with the City of New York under which it has obligated itself to defend all criminal felony charges against indigents in New York City, including cases in the Kings County Supreme Court, and to provide the necessary services, and this obligation has been treated as binding on the Society even though the City may have failed to provide the Society with funds to employ an adequate staff.

The relation between The Legal Aid Society and the state in relation to staffing is also shown by the recommendations of a distinguished Subcommittee on Legal Representation of the Indigent, appointed by the Appellate Divisions of the First and Second Departments, whose report, dated June 17, 1971, is part of the record in Wallace v. Kern and also within the scope of judicial notice. This report recommended, among other things, that The Legal Aid Society should be required to determine the maximum lawyer-client ratio beyond which it cannot provide effective representation.

■ Whether a particular action is done under color of state law depends on a review of the circumstances in the individual case. Burton v. Wilmington Parking Auth., 365 U.S. 715, 725–726, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961). The Second Circuit has recognized the importance that a contract may have in deciding whether a "private" institution has acted under color of state law. Powe v. Miles, 407 F.2d 73 (1968).

■ Private parties who act in concert with state (or city) officers to deny federal rights are themselves subject to suit under 42 U.S.C. § 1983. United States v. Price, 383 U.S. 787, 794–795, 86 S.Ct. 1152, 1156–1157, 16 L.Ed.2d 267

(1966); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). There was no state involvement in Dreyer v. Jalet, 349 F. Supp. 452 (S.D.Tex.1972), on which defendant relies. That was simply an action by three prisoners to enjoin a VISTA lawyer from attempting to organize other prisoners in what the complaint described as an uprising.

 By interposing itself as an agent of a municipality between the defendants and their right to counsel, The Legal Aid Society is so far involved with state action that it should not be immune from suit. Since it is under contract with a subdivision of the state to supply attorneys, it is acting under color of state law even though its individual attorney-employees are not.

Defendant also cites Lefcourt v. Legal Aid Society, 445 F.2d 1150 (2d Cir. 1971), which involved an attack by a Legal Aid attorney on the procedure of his discharge, an action which was not related to any provision of the contract between The Legal Aid Society and the City. The difference between these cases and *Lefcourt* is illustrated by Circuit Judge Moore's statement (445 F.2d at 1155) that

> there has been no sufficient showing of governmental control, regulation or interference with the manner in which the Society conducts its affairs.

*Lefcourt* was decided after a full trial on the merits, the trial court finding it unnecessary to determine whether The Legal Aid Society "in the present factual context," could be classified as a state instrumentality (312 F.Supp. 1105, 1111). *Lefcourt* is not authority for dismissing these cases before the facts can be developed.

At the argument of this motion, plaintiff McLaughlin, who has been in punitive segregation during the past week, submitted for filing a hand-written motion for a preliminary injunction. In view of his difficulty in giving earlier notice, and in view of the fact that The Legal Aid Society has been aware for several weeks of the issues that are involved, it is appropriate to proceed promptly on this motion.

It is ordered that the motion to dismiss the complaints be denied, that defendants' time to answer the complaints be extended to April 12, 1973 pursuant to F.R.Civ.P. 12(a), and that plaintiffs' motion for preliminary injunction against The Legal Aid Society be heard on April 16, 1973 simultaneously with the hearing already scheduled in Wallace v. Kern, 72–C–898.