**UNITED STATES of America, Appellee,**

v.

**Cherral DICKINSON, Appellant.**

**No. 80–1118.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1980.

Decided Dec. 15, 1980.

Before HENLEY and McMILLIAN, Circuit Judges, and VAN PELT,* Senior District Judge.

PER CURIAM.

Cherral Dickinson appeals a judgment entered in the district court[1] of the Eastern District of Arkansas upon a jury verdict finding her guilty of conspiracy to possess with intent to deliver cocaine, 21 U.S.C. § 846, and of possession of cocaine, 21 U.S.C. § 841(a). Appellant was sentenced to a term of eighteen months imprisonment[2] and a one–year suspended sentence plus probation for three years for possession, to run concurrently. Appellant argues

---

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern District of Arkansas.

2. Appellant was originally sentenced to an additional three–year special parole term for conspiracy. Following the Supreme Court's decision in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the district court vacated the special parole term. *United States v. Dickinson*, No. LR–CR–79–100(6) (E.D.Ark. July 21, 1980) (order modifying sentence).

that evidence used at trial should have been suppressed as the result of an unlawful search. For the reason discussed below, we affirm.

As part of an ongoing drug investigation, Agent Carol Powell had arranged to make a cocaine buy. The following arrangements were finalized at approximately 1 p. m. on October 24, 1979. At 6 p. m., Powell and Stephanie Wood were to meet Kathleen Schneider halfway between Wood's house and Schneider's house. Schneider was to bring the cocaine to sell to Powell. The surveillance team was aware of these arrangements. No attempt was made to obtain search warrants or arrest warrants.

After the last contact between the surveillance team and Powell, however, Wood decided to drive directly to Schneider's house and go inside the house to get the cocaine. Wood instructed Powell to hide in the back seat. Wood then drove to Schneider's house, instead of the arranged meeting place. Powell stayed in the back seat, while Wood got out of the car.

The surveillance team, aware that Wood had not gone to the meeting place and having lost sight of Powell, allegedly became alarmed for Powell's safety. Wood was arrested immediately in the front yard. Then an officer knocked on the front door and called, "Police." He heard running footsteps. After fifteen seconds without an answer, he broke into the house and began making arrests. Appellant was arrested in the living room near the door. The footsteps and a door slam led the police to the back of the house where a man was attempting to destroy a bag of cocaine by dissolving it in water. The police then secured the house.

A search warrant for the house was obtained and executed at 4:30 a. m. on October 25. At that time, the police discovered cocaine and drug paraphernalia in various parts of the house.

Appellant was indicted with five other defendants.[3] Appellant did not file a pretrial motion to challenge the searches of the house. At a hearing on motions filed by all defendants, appellant individually asked for rulings with respect to motions for discovery, compliance with the Jencks Act, relief from prejudicial joinder of counts and defendants, exculpatory evidence, disclosure of the names and statements of witnesses, and a bill of particulars. Several of these motions were resolved by compliance by the government and dismissed; the other motions were denied by the district court. Appellant expressly dissociated herself from the other defendants' motions to suppress all evidence acquired as a result of the alleged illegal entry of the house.[4] A state-

---

3. Appellant was tried alone. The Brief of Appellee at 15 indicates that three of the individuals indicted entered guilty pleas to the conspiracy count and that the conspiracy count was dismissed as to a fourth individual who entered a guilty plea to a separate firearms violation charge. There is no reference to the disposition of the charges against the fifth member of the conspiracy.

4. The record of the preliminary hearing is somewhat unclear. Of course, a certain degree of confusion is only to be expected under the circumstances; the district court was confronted with six defendants and with a variety of joint and individual motions. After carefully reading the record, we can find no reference to an oral motion of appellant to join the other defendants in their motions to suppress physical evidence found in the Schneiders' house. In fact, at one point in the preliminary hearing, appellant's trial counsel disclaimed any participation in the motions of the other defendants to suppress physical evidence:

THE COURT: Mr. Groce I understand that your motion to suppress is not limited to the statement that you have alleged was not given. The Motion to Suppress covered what happened.
MR. GROCE (defense counsel): Is he (referring to Mr. Curdie, the prosecuting attorney) off of this statement—then he's on Motion to Suppress as to the severance, right, Your Honor. I don't have any objection to that. I do have as to this statement.
THE COURT: Well he's also—
MR. GROCE: Your honor, I only put my client on for the limited purpose of suppressing this statement and I think that's all we are to go into.
THE COURT: Well your motion doesn't say that. Your motion covers, like other motions here to suppress everything that happened as a result of the alleged illegal entry?
MR. GROCE: No, Your Honor, it does not.
THE COURT: If that's all that is interested in this phase of it then that would mean at the

ment made by appellant at the time of arrest was suppressed on oral motion.

At trial, appellant did not object to the introduction of the evidence found in the house. Furthermore, both at the end of the government's case and at the end of all the testimony, appellant failed to renew any motions concerning the introduction of evidence in the trial.

Appellant now contends that her co–defendants' motions to suppress the evidence seized in the search of the house should be treated as motions by her because the effect of granting any co–defendant's motion would have been to suppress the evidence against appellant as well. This contention fails. Where, as here, appellant expressly dissociated herself from the preliminary motions to suppress physical evidence by her co–defendants (*see* note 4 *supra*), filed no motion to suppress physical evidence of her own, and made no objection to the introduction of the evidence at trial or in a post–trial motion, appellant has waived her objection and cannot raise such an objection on appeal. Fed.R.Crim.P. 12(b), (f), 41(e); *e. g., United States v. Johnson*, 614 F.2d 622 (8th Cir. 1980) (per curiam); *United States v. Wenner*, 417 F.2d 979, 981–82 (8th Cir. 1969), *cert. denied*, 396 U.S. 1047, 90 S.Ct. 700, 24 L.Ed.2d 692 (1970); *Darden v. United States*, 405 F.2d 1054, 1055–56 (9th Cir. 1969).

Accordingly, the judgment of the district court is affirmed.

proper time when the Court considers the Motion to Suppress because of the alleged illegal entry and the arrest of this party, insofar, as she is concerned, the motion will be denied and we will limit it so far as she is concerned then only to the statement.

Appellant's counsel had made an oral motion to suppress her statement. As noted, the district court granted the motion to suppress her statement.