**UNITED STATES of America, et al., Petitioners,**

v.

**Ronald E. MEININGER, et al., Respondents.**

**UNITED STATES of America, et al., Petitioners,**

v.

**Don W. NORMAN, et al., Respondents.**

**Nos. CV 83–0–345, CV 83–0–347.**

United States District Court,
D. Nebraska.

March 13, 1984.

Paul J. Johns, Asst. U.S. Atty., Omaha, Neb., for petitioners U.S. and Dan Whitten, Special Agent of the I.R.S.

Terry E. Savage, Imperial, Neb., for defendant Ronald E. Meininger, as Cashier of Farmers & Merchants Bank, Imperial, Neb.

Guy Curtis, Imperial, Neb., for intervenors Kenneth E. Krausnick and Mervlyn D. Krausnick.

## ORDER

BEAM, District Judge.

These matters are before the Court upon the petitioners' motions to enforce summonses issued pursuant to 26 U.S.C. § 7602 (filing 1 in CV 83-0-345; filing 1 in CV 83-0-347). These are companion cases and have therefore been consolidated for purposes of the Court's disposition of the present motions.

On October 22, 1982,[1] summonses were issued pursuant to Internal Revenue Code section 7602 directing Farmers and Merchants Bank[2] and the First Bank of Enders, Nebraska,[3] to produce bank records for the years 1979 through 1982, pertaining to checking, savings and loan accounts of Kenneth E. Krausnick and/or Mervlyn O. Krausnick, and any other accounts over which these taxpayers have signature authority. The summonses were delivered by personal service to cashiers at the respective banks. Notice of the summonses was sent or hand delivered to the Krausnicks pursuant to 26 U.S.C. § 7609(a)(1). The taxpayers then sent a stay compliance notice to the bank cashiers and advised them not to release their bank records to the Internal Revenue Service.

Mr. Krausnick has apparently not filed an income tax return for either 1980 or 1981. He is currently under investigation for tax evasion, but no recommendation for criminal prosecution has been made to the Department of Justice. Mr. Krausnick has informed the Court that he is a member of an anti-tax law organization, the National Commodity Barter Association (hereinafter NCBA).

The taxpayer claims that the summonses are unlawful because they are issued pursuant to a criminal investigation. He also claims that the government is pursuing him because of his membership in the NCBA, so that enforcement of the summonses would constitute a violation of his first amendment rights to free speech and association.

■ In order to enforce a summons, the IRS must show that (1) the investigation is relevant to a legitimate purpose; (2) the information sought is not already within the IRS's possession; and (3) the proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). The last two components of the test are not contested here.[4]

■ The Court finds that investigation of the correct tax liability of Mr. Krausnick constitutes a valid purpose in light of his apparent failure to file an income tax return for either 1980 or 1981.

■ The Court also finds that the documents requested are relevant. The requirement of relevancy is satisfied by a showing that the records sought "might throw light on the correctness of a taxpayer's returns." *United States v. City National Bank and Trust*, 642 F.2d 388, 389 (10th Cir.1981), *quoting United States v. Davey*, 543 F.2d 996, 1000 (2d Cir.1976). Mr. Krausnick's financial records for 1979, a pre-investigation year, are properly reviewable because it appears that Mr. Krausnick ceased using his bank account during 1980. *See City National Bank*, 642 F.2d at 390 (the IRS is entitled to subpoena records, "if there is some realistic expectation that they may illuminate the accuracy or inaccuracy of the taxpayer's return."). The 1977 information is probative evidence tending to suggest the type

---

1. The summons served in CV 83-0-345 was erroneously dated November 22, 1982.

2. A cashier of this bank is the named defendant in CV 83-0-345.

3. A cashier of this bank is the named defendant in CV 83-0-347.

4. Mr. Krausnick has not claimed that the IRS is in possession of his bank records, nor does he dispute that notice of the summons was provided in a timely manner.

and character of Mr. Krausnick's financial activities in general during the years under investigation.

■ Once the *Powell* requirements are met, a prima facie case for enforcement is shown and the burden shifts to the taxpayers to show that enforcement would be an abuse of the Court's process. *United States v. LaSalle*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1977) (those resisting enforcement of a summons must disprove the actual existence of a valid civil tax determination or collection purpose by the IRS). The Supreme Court and the Legislature have recognized that the primary limitation on the use of a summons occurs upon recommendation of criminal prosecution to the Department of Justice. *Id.* at 311, 98 S.Ct. at 2364; 26 U.S.C. § 7602(c)(1). The present taxpayer emphasizes that a special agent for the IRS administered *Miranda* warnings and told him that he "was under criminal investigation." The taxpayer appears to argue that these acts are tantamount to referring a case to the Justice Department. The Court does not agree.

26 U.S.C. § 7602(c)(1) defines "referral:" A Justice Department referral is in effect with respect to any person if the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the Internal Revenue laws.[5]

There is no evidence in the record to support a claim that Mr. Krausnick has been referred to the Department of Justice for criminal prosecution. *LaSalle* explicitly recognized that civil summonses may issue during a criminal investigation. 437 U.S. at 308–311, 98 S.Ct. at 2363–2364. Therefore, the fact that defendant was given *Miranda* warnings and was "under criminal investigation" is not determinative. Having reviewed all evidence presented at the hearing held on July 15, 1983, in addition to the written materials presented, the Court finds that the taxpayer has not succeeded in proving that the IRS was proceeding with singular criminal animus, and therefore his argument alleging bad faith fails. *See United States v. Richter*, 603 F.2d 744, 748 (8th Cir.1979) (summons valid because issued before referral to Department of Justice); *United States v. Genser*, 602 F.2d 69 (3rd Cir.), *cert. denied*, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185 (1979) (summons may be issued even if criminal prosecution might be forthcoming).

■ The taxpayer contends that enforcement of the summonses in the present case would chill his first amendment right of association as a member of NCBA.[6] Mr. Krausnick cites *United States v. Citizens Bank*, 612 F.2d 1091 (8th Cir.1980) for the proposition that once an allegation of infringement of first amendment rights has been made the burden shifts to the government to show appropriate need for the materials. Assuming the truth of this proposition *arguendo*, the Court finds *Citizens Bank* is not controlling here for two reasons.

First, in *Citizens Bank*, the taxpayer claimed the summons was directed at both the accounts of the taxpayer and the accounts of the organization over which the taxpayer had signature authority. In the present case there is no evidence to suggest that the NCBA held accounts in the taxpayer's banks or that the organization held accounts under the taxpayer's signature. The taxpayer has not shown that information about the NCBA would be revealed by enforcement of the summonses.[7]

---

**5.** Internal Revenue Code section 7602 was amended by adding subsections (b) and (c) and became effective September 3, 1982, over one month prior to the issuance of summonses in the present cases.

**6.** The Court recognizes the guidance provided by *Citizen's Bank*, 612 F.2d at 1093, where the

Eighth Circuit held the district court erred in refusing to consider the petitioner's first amendment claims.

**7.** The Court has reviewed In Re Grand Jury Subpoena to First National Bank, Englewood, Colorado, No. 83–104 (10th Cir. Feb. 25, 1983), (court held that a taxpayer had made a suffi-

Second, as discussed *supra*, the IRS has demonstrated an appropriate need for the records in question. By not filing tax returns for 1980 and 1981, the taxpayer has raised legitimate questions concerning the accuracy of his tax liability. To deny enforcement of the summons in the present case would result in immunizing the taxpayer from audit because of his membership in an anti-tax law organization. This the Court declines to do.

IT IS THEREFORE ORDERED that the petitioners' motion to enforce the summonses are granted.

Alexander Polikoff, Howard A. Learner, Chicago, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty., Robert Grossman, Roan & Grossman, Patrick W. O'Brien, Mayer, Brown & Platt, Richard Flando, Acting Regional Counsel, Dept. of Housing & Urban Development, Stanley J. Garber, Corp. Counsel, Calvin H. Hall, Gen. Counsel, Chicago Housing Authority, Earl L. Neal, Sp. Asst. Corp. Counsel, Chicago, Ill., Jane McGrew, Gen. Counsel, Dept. of Housing and Urban Development, Washington, D.C., Gerald D. Skoning, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

cient showing of a potential first amendment violation to warrant an evidentiary hearing), but finds it to be inapposite authority here. In that case petitioner members of anti-tax law organizations (including the NCBA), joining the organizations themselves, moved to quash en-

forcement of summonses of the *organization's* bank records. (The Krausnicks are not being investigated by the Colorado Grand Jury in connection with the Grand Jury subpoena case cited above.)