Bruce GOLDBERG, et al.

v.

UNITED STATES of America, et al.

Civ. No. Y–84–1138.

United States District Court,
D. Maryland.

May 31, 1984.

---

Bruce Goldberg, pro se.

Max H. Lauten, Asst. U.S. Atty., Baltimore, Md. and Mark Gellar, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff United States.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

On March 6, 1984, the Internal Revenue Service served four summonses upon the

First National Bank of Maryland, two summonses on Legg, Mason, Wood, Walker, Inc. and two summonses on Merrill, Lynch, Pierce, Fenner & Smith, Inc. to produce certain records relating to Bruce Goldberg, Dr. Bruce Goldberg, Inc. and Universal Life Church. On March 22, 1984, Bruce Goldberg, *pro se* petitioner herein, instituted this action to quash the Internal Revenue Service ("IRS") summonses pursuant to § 7609(b)(2). The government has filed an answer to the petition to quash as well as a motion for summary denial of the petition and for summary enforcement of the summonses. Jurisdiction over this matter is conferred by 26 U.S.C. § 7609(h)(1).

Goldberg seeks to have the summonses quashed primarily on the grounds that the summonses are overbroad and violative of the Universal Life Church's First Amendment rights, and that the government has failed to make a *prima facie* showing that enforcement is proper. The United States contends that the petition to quash should be denied and the summonses enforced since it has made its *prima facie* showing and since petitioner has come forward with no facts demonstrating abuse of process. In support of its motion it has submitted the affidavit of Revenue Agent Darlene Grace which states that Grace, an agent in the Examination Division of the IRS, is assigned to investigate the tax liabilities of Bruce Goldberg for the years 1981 through 1983. *See* Grace affidavit at ¶ 2. The purpose of her investigation is to determine the taxpayer's correct income liabilities for the years under investigation. *Id.* at ¶ 3. Grace issued the summonses because the summoned parties transacted business with Goldberg and are in possession of records and other information relating to the investigation. The material demanded by the summonses is not already in the possession of the IRS and is relevant because it may shed light on the correct income tax liabilities of Goldberg for the years in question. *Id.* at ¶¶ 7, 8. The records pertaining to the Universal Life Church are limited to those over which Goldberg had signatory authority and may shed light on his finan-

cial dealings. *Id.* at ¶ 8. No recommendation has been made to the Justice Department for criminal prosecution of the taxpayer, nor has the Justice Department made any request for disclosure of any returns under 26 U.S.C. § 6103(h)(3)(B). *Id.* at ¶ 4.

Under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), P.L. 97–248, 96 Stat. 601 *et seq.*, the taxpayer bears the burden of instituting an action to quash an IRS summons directed to a third-party recordkeeper. 26 U.S.C. § 7609(b)(2). Despite this shift in the burden of commencing litigation, the substantive law concerning summons enforcement is largely unchanged by TEFRA. *See* S.Rep. 494, 97th Cong., 2d Sess. 281, *reprinted in* 1982 U.S. Code Cong. & Ad.News, 781, 1027. The standards for enforcement of an IRS summons are well established. As the court in *Godwin v. United States*, 564 F.Supp. 1209, 1212 (D.Del.1983) recently explained,

> To make a *prima facie* case for enforcement, the government need only show: (1) that the investigation will be conducted for a legitimate purpose, (2) that the data sought is relevant to that purpose, (3) that the data being sought is not already in the IRS's possession, and (4) that the administrative steps required by the Internal Revenue Code with respect to a summons have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *see United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–2366, 57 L.Ed.2d 221 (1978). "The requisite showing is generally made by the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir.1979) (citing *United States v. McCarthy*, 514 F.2d 368, 372 (3d Cir. 1975); *accord United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982). Indeed, "no more than [an affidavit] is necessary to make the *prima facie* case." *United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981), *cert. denied sub nom. Salkin*

*v. United States,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

■ This Court concludes that the IRS has made out its *prima facie* case.* Revenue Agent Grace's affidavit satisfies all the requisite elements: a valid purpose was established, namely to investigate Goldberg's tax liability; the records sought were limited to the taxpayer, his corporation, or those "on which [the taxpayer] had signature privileges" for the applicable years; Goldberg had not claimed that the IRS is in possession of the specific information sought; and notice of the summonses was provided to Goldberg pursuant to the statute.

■ Once a *prima facie* case is shown, the burden "falls upon petitioner[ ] to disprove the existence of a valid purpose or to show that enforcement of the summonses would be an abuse of the Court's process or otherwise would be improper." *Godwin v. United States,* 564 F.Supp. at 1213. In this case, petitioner argues that the summonses are overbroad and violative of the church's First Amendment freedoms of association and religion. *United States v. Trader's State Bank,* 695 F.2d 1132 (9th Cir.1983). Petitioner claims that because the summonses require disclosure of records in the name of Universal Life Church, the constitutional rights of individuals who have made donations or who have become church members have been infringed.

In a case strikingly similar to this one, the Fifth Circuit found that no substantial showing of abusive use of the summons had been made. *United States v. Grayson County State Bank,* 656 F.2d 1070 (5th Cir.1981). In that case, the IRS had summoned certain specified records "on (or on behalf of) the First Pentecostal Church ... for the years 1973, 1974, 1975 and 1976 and on which the [minister-taxpayer] has signature privileges and/or trustee assignment." The church filed a motion to quash on First Amendment grounds. After reviewing the relevant authorities, the Court concluded that the district court had erroneously concluded that "First Amendment rights of the church or its members were implicated by the issuance of the summons." 656 F.2d at 1075. The court noted that the summons "was issued to secure access to records in the possession of a bank, in

---

* The petitioner challenges the *prima facie* case in several respects, but the Court finds no merit in petitioner's contentions. First, petitioner argues that none of the provisions of § 7602 apply to him and that the IRS has exceeded its authority under that section in seeking to enforce the summons. Contrary to petitioner's assertions, Revenue Agent Grace's actions appear to have been in complete compliance with that section "which authorizes the Secretary of the Treasury to summon and 'examine any books, papers, records, or other data which may be relevant or material' to a particular tax inquiry." *United States v. Arthur Young & Co.,* — U.S. —, —, 104 S.Ct. 1495, 1500–1501, 79 L.Ed.2d 826 (1984). Moreover, the summonses in question were not violative of petitioner's Fourth and Fifth Amendment rights. *United States v. Blackwood,* 582 F.2d 1244 (10th Cir.1978). Second, petitioner argues that the materials are irrelevant since no criminal allegations have been made. This claim is simply contrary to the law that a summons cannot be issued *if* there has been a Justice Department referral. *See* § 7602(c)(1). Third, petitioner claims that only the year 1981 was assigned to Revenue Agent Grace since the handwritten notation "81 12" appeared after the phrase "tax year(s)" on petitioner's notice from the IRS that his tax records would be examined. In light of Grace's affidavit to the contrary, this Court does not find that the handwritten numbers demonstrate that the summonses cover years which were not under investigation. Fourth, petitioner claims that the IRS has no jurisdiction for summoning the material since Goldberg's reported income has already been substantiated by other records. However, the fact that plaintiff has substantiated his income with his own records does not mean that the IRS cannot seek additional records when it has stated that it does not already have possession of such records. *Cf. United States v. Groos National Bank,* 661 F.2d 36 (5th Cir.1981). Fifth, petitioner asserts that the IRS did not give any reason for the issuance of the summons. He cites the district court opinion *United States v. Grayson County State Bank* in support of his position. Yet, he neglects to mention that that decision was reversed. 656 F.2d 1070 (5th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982) (summons for records of bank account of church over which taxpayer had signatory authority). In short, despite petitioner's creative efforts, this Court finds no basis for finding that the government has not met its burden of establishing a *prima facie* case for enforcement.

connection with a taxpayer investigation, to examine those records of the bank pertaining to the church that were relevantly connected with the taxpayer's financial activity for the tax years of the investigation." *Id.* at 1075. The court concluded that under such facts the church had not made a showing of abusive use of the summons because its issuance did not constitute any significant burden on the free exercise of religious activity by the church or its members. *Id.* This Court reaches the same conclusion with regard to the summonses in this case: petitioner has simply failed to produce any evidence that enforcement of the summonses would restrict the religious activity of church members. *See also United States v. Manufacturers Bank,* 518 F.Supp. 495 (E.D.Mich.1981). *United States v. First National Bank,* 691 F.2d 386 (8th Cir.1982); *United States v. Freedom Church,* 613 F.2d 316, 320 (1st Cir. 1979); and *McTaggart v. United States,* 570 F.Supp. 547 (E.D.Mich.1983). Indeed, the case relied upon petitioner to support his argument concerning a First Amendment infringement is simply inapposite. In *United States v. Trader's State Bank,* 695 F.2d 1132 (9th Cir.1983), the IRS sought to enforce a summons for all records relating to the Life Science Church while investigating the tax liability of Mr. and Mrs. Kerr, the founders and trustees of the church. The court found the summonses overbroad: they required disclosure of *all* church banking records, not only those related to the Kerrs. 695 F.2d at 1133. In this case, in contrast, the summonses directed to Universal Life Church records are specifically limited to those over which Goldberg has "signatory authority." Therefore, the factors motivating the Ninth Circuit's decision in the *Trader's State Bank* case are clearly not present here.

■ Petitioner also argues that the IRS is attempting to conduct multiple audits in violation of § 7605(b). The very simple answer to that allegation is that § 7605(b) does not apply to third-party records. *United States v. Lask,* 703 F.2d 293 (8th Cir.1983).

■ Petitioner finally argues that he is entitled to discovery and an evidentiary hearing. Although petitioner has sworn to his petition to quash, he has not come forward with any specific facts to support his conculsory allegations, nor has he submitted affidavits. Under these circumstances, the Court finds an evidentiary hearing and discovery unnecessary. *United States v. Garden State National Bank,* 607 F.2d 61, 71 (3rd Cir.1979); *United States v. First National Bank,* 691 F.2d 386, 387 n. 3 (8th Cir.1982); *Moutevelis v. United States,* 561 F.Supp. 1211 (M.D.Pa. 1983); *McTaggart v. United States,* 570 F.Supp. 547 (E.D.Mich.1983).