**LIFE SCIENCE CHURCH, Petitioner,**

v.

**UNITED STATES of America, and Albert Yandek, Respondents.**

No. C83–2439.

United States District Court, N.D. Ohio, E.D.

April 11, 1985.

David J. Middleton, pro se.

Asst. U.S. Atty. John Siegel, Cleveland, Ohio, U.S. Atty. Robert W. Kern, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondents.

## ORDER

BATTISTI, Chief Judge.

Petitioner on March 29, 1985 filed a motion to alter or amend this Court's judgment of March 22, 1985 and also to stay execution of judgment pending disposition of the instant motion to alter. In its March 22, 1985 order, the Court denied petitioner's motion to quash and ordered the enforcement of respondent IRS's summonses on third-party recordkeepers with whom petitioner (through David J. Middleton and June C. Middleton) has financial dealings.

Petitioner seeks reconsideration of the March 22nd order on the grounds that the summonses are overbroad. In support of its claim, petitioner cites *United States v. Trader's State Bank*, 695 F.2d 1132 (9th Cir.1983) which found that IRS summonses on third-party recordkeepers can be overbroad and implicate First Amendment associational rights where *all* church banking records are requested. In *Trader's Bank*, the court applied the test used in *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir.1980): Once a party seeking to quash disclosure meets their initial burden of making a *prima facie* showing of arguable First Amendment infringement, the burden shifts to the government to make a showing of need for the material. To meet its burden, the government must show that "there is a rational connection between such disclosure and a legitimate governmental end, and that the governmental interest in the disclosure is cogent and compelling." *Pollard v. Roberts*, 283 F.Supp. 248, 256–57 (E.D.Ark.), aff'd, 393 U.S. 14, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968) (per curiam).

In the instant case, the Court does not believe petitioner has met his burden of a *prima facie* showing of First Amendment infringement. In its original order, the Court noted that the IRS summons appeared to be drawn for a legitimate purpose to determine the tax liability of the individuals, David J. Middleton and June C. Middleton. Petitioner suggests that the Court erred in its analysis in the original opinion when it stated on page 6 of that opinion that the summonses were not overbroad. "since the documents are narrowly identified and clearly relevant to determine the tax liability of the *church.*" (emphasis added). Regrettably, the word "church" was used but this inadvertence does not alter the Court's analysis or decision. It is indeed true that the summonses seek to determine the tax liability of David J. and June C. Middleton, not the Life Science Church. However, to the degree that the Middletons are trustees or officers of the Church, certain Church documents may be requested to determine the individual's liability.

The Court responded to petitioner's objection *as raised* in his initial "Verified Petition to Quash." Petitioner asserted at page 2 of that petition that "these summonses are overbroad because they require disclosure of all church banking records." Petitioner only cited *U.S. v. Holmes*, 614 F.2d 985 (5th Cir.1980) and *United States v. Dickinson*, 636 F.2d 219 (8th Cir.1980). Both of these cases examined whether the IRS could request *all* documents, including correspondence, minutes of meetings, and organizational charts.

The Court distinguished the instant case from both *Holmes* and *Dickinson* on the grounds that the instant summonses were limited to financial documents. However, the Court cited *Citizens State Bank*, 612 F.2d 1091 (8th Cir.1980) for the proposition that disclosure of the names of members might raise legitimate First Amendment concerns.

It is only now in its Motion to Alter and Stay that petitioner has fully developed its overbreadth argument. Although petitioner did cite *Citizens State Bank* in his original petition to quash, it appeared as part of a string citation supporting the proposition that freedom of association and privacy are valuable rights. Petitioner is proceeding pro se in this matter. The Court understands that pro se filings may not display the clarity and logic of argument expected of parties represented by counsel; accordingly, the Court gives special care and consideration to these matters. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *U.S. ex rel. McClaughlin v. N.Y.*, 356 F.Supp. 988, 989 (E.D.N.Y.1973); *Madison v. Sielaff*, 393 F.Supp. 788, 789 (N.D.Ill.1975); *Morpurgo v. Bd. of Higher Education*, 423 F.Supp. 704 (S.D.N.Y.1976). However, the Court cannot be expected to presume all of plaintiff's objections nor all the possible grounds. In fact, one of the reasons to hire counsel is not only counsel's ability to effectively present *an* argument but his ability to anticipate *several* arguments or attacks due to his experience and knowledge. "Although pro se ... complaints must be viewed with some latitude, liberal construction of pleadings should not be permitted to override completely" the burden of making out a case. *Morpurgo*, 423 F.Supp. at 713.

In the instant case, plaintiff has not met his burden of making a *prima facie* case of First Amendment infringement. In *Citizens State Bank*, the IRS sought records of a tax protester organization, the United States Taxpayers Union (USTU). In that case, three members of the USTU submitted declarations "detailing the adverse effects of the summons on USTU's organizational and fundraising activities." *Id.* at 1094. The Eighth Circuit found that "the potential for conflict with the First Amendment was raised by this evidence and the district court erred in failing to consider it." The Court emphasized that its "decision will only rarely serve to limit the reach of an IRS summons." *Id.* Instead of finding a First Amendment infringement, the Court remanded the case rather than reversing the decision so as to develop a record on possible First Amendment implications. Similarly, the Eighth Circuit in *Dickinson* found that "the extent of overbreadth of the summons was neither clearly raised nor fully developed in the district court," *id.* at 224, and the Court remanded the case rather than finding a violation on the record before it.

In *United States v. Meininger*, 101 F.R.D. 700 (D.Neb.1984), the Court emphasized the necessity for petitioners to meet their burden of showing a First Amendment infringement. In that case, petitioner, who was a member of an anti-tax law organization, the National Commodity Barter Association (NCBA), alleged that enforcement of summonses on third-party recordkeepers would chill his First Amendment rights of association as a member of the NCBA. The Court distinguished his case from *Citizens Bank*. First, the Court found that "the taxpayer has not shown that information about the NCBA would be revealed by enforcement of the summonses." *Id.* at 703. Secondly, the Court found that IRS had raised legitimate questions about the petitioner's tax liability. "To deny enforcement of the summons in the present case would result in immunizing the taxpayer from audit because of his membership in an anti-tax law organization. This the Court declines to do." *Id.* at 704.

As in *Meininger*, the instant petitioner has merely suggested a First Amendment infringement without demonstrating in any way how disclosure of Church financial records authorized by the Middletons will implicate associational rights of Life Science Church members. Furthermore, in *In*

*re First National Bank, Englewood, Colorado,* 701 F.2d 115 (10th Cir.1983), which was cited in *Meininger,* the Tenth Circuit found a First Amendment violation sufficient to warrant an evidentiary hearing based on affidavits. *Id.* at 118. Those affidavits chronicled "harassment and intimidation of petitioners' known members, and the resulting reluctance of people sympathetic to the goals of NCBA to associate with the group for fear of reprisals." *Id.* at 116–17. Petitioner has not submitted any affidavits of this type. Additionally, the summonses were against the tax protector organization (not individuals as in the instant case) and would necessarily have disclosed membership records. *Id.* at 118.

Finally, in *Goldberg v. United States of America,* 586 F.Supp. 92 (D.Md.1984), the IRS served summons on third-party recordkeepers to determine the tax liability of pro se petitioner Bruce Goldberg, a member of the Universal Life Church. Petitioner sought to quash the summonses. Quoting *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983), the Court stated that the Government need only make out a *prima facie* case for enforcement consisting of: (1) a showing of a legitimate purpose for the investigation; (2) that the data sought is relevant to that purpose; (3) that the data being sought is not already in the IRS's possession; and (4) that the administrative steps required under the IRS code (namely notice) have been followed. *Goldberg,* 586 F.Supp. at 94. Once the Government makes its *prima facie* case, the burden shifts to petitioner to " 'disprove the existence of a valid purpose or to show that enforcement of the summonses would be an abuse of the Court's process or otherwise would be improper.' " *Id.* at 95.

At this juncture, the Tenth Circuit considered Goldberg's First Amendment claims. It reached the same conclusion that the Fifth Circuit had in *United States v. Grayson County State Bank,* 656 F.2d 1070 (5th Cir.1981) on the grounds that "petitioner has simply failed to produce any evidence that enforcement of the summonses would restrict the religious activity of church members." *Goldberg,* 586

F.Supp. at 96. The Tenth Circuit denied the petition to quash and granted summary judgment for the IRS on enforcement of the summonses.

 Without "burdening" this opinion with discussion into who has the burden of making a prima facie case and when that burden shifts, suffice it to say that in the instant case, the Court has not been persuaded that its March 22, 1985 decision to enforce the third-party recordkeeper summonses was in error. Mere *allegations* of First Amendment infringement cannot be the basis for halting otherwise legitimate investigations by the Internal Revenue Service. The effect would be to shelter delinquent taxpayers who are members of virtually any group on the grounds that the associational rights of others are chilled. In the instant case, this Court balances the legitimate enforcement needs of the IRS against the claimed chilling effect on the petitioners First Amendment rights and finds the latter less compelling.

Accordingly, petitioner's Motion to Alter or Amend the Judgment is denied and the Motion to Stay Judgment is denied. This Court's Judgment of March 22, 1985 ordering enforcement of the third-party recordkeeper summonses is affirmed and shall be carried out forthwith.

IT IS SO ORDERED.