UNITED STATES of America and John P. Cornish, Special Agent of the Internal Revenue Service, Plaintiffs-Appellees,

v.

Robert BLACKWOOD, Cashier, Central Bank of Aurora, and the Central Bank of Aurora, Defendants,

Paul Williams, an Assistant Vice President of the First National Bank of Southglenn, and First National Bank of Southglenn, Defendants,

Richard Baker, as Operating Manager of the Frontier Airlines Credit Union, and Frontier Airlines Credit Union, Defendants,

Charles G. Lambert and Carole L. Lambert, Intervenors-Appellants.

Nos. 78-1358, 78-1359 and 78-1360.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 15, 1978.

Decided Aug. 28, 1978.

William A. Whitledge, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Charles E. Brookhart, Tax Division, Dept. of Justice, Washington, D. C. and Joseph F. Dolan, U. S. Atty., Denver, Colo., of counsel, on brief), for plaintiffs-appellees.

Clifford J. Barnard, Boulder, Colo. (and Dennis L. Blewitt of Barnard & Ferguson, Boulder, Colo., on brief), for intervenors-appellants.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

**PER CURIAM.**

This is an appeal by a taxpayer from an order of the District Court enforcing three summonses issued by a special agent of the Internal Revenue Service to the officers of two banks and the operating manager of a credit union for an airline company. The summonses sought financial records of the respective institutions in connection with an investigation by the Internal Revenue Service into the income tax liabilities of the taxpayer and his wife. The taxpayer intervened in the proceedings in the District Court and objected to the enforcement of the summonses on the ground that such would impinge upon the taxpayer's Fourth and Fifth Amendment rights. The taxpayer appeared *pro se* in the District Court.

At the hearing before the District Court, the only witness testifying was the special agent of the Internal Revenue Service who had caused the three summonses to issue. The taxpayer himself called no witnesses and cross-examined the special agent only briefly. The special agent testified that the purpose of his investigation was to determine whether the taxpayer was required to file a tax return for the years 1975 and 1976, and to determine the amount of the tax liability, if any, for those two years. The agent also testified that the information he sought was necessary to complete his investigation and that he did not then have in his possession such information. During the course of this hearing and in response to a question by the District Judge, the taxpayer made it quite clear that his sole objection to the enforcement of the three summonses was that such enforcement would violate his Fourth and Fifth Amendment rights. It was in this general setting that the District Court ruled that the Fourth and Fifth Amendment rights of the taxpayer did not preclude the enforcement of summonses to third party financial institutions.

On appeal, taxpayer is represented by counsel, who, at oral argument, asserted two grounds for reversal: (1) the District Court erred in holding that the production of the business records of the two banks

and the credit union would not violate the taxpayer's constitutional rights; and (2) the case should be remanded to the District Court for a full hearing into the "good faith" of the entire I.R.S. investigation. Neither of these matters has merit, and we therefore affirm.

▆ The summonses in question sought business records of the two banks and the credit union pertaining to savings and checking accounts held therein by the taxpayer and his wife during 1975 and 1976. Specifically sought were signature cards, deposit and withdrawal slips, bank statements, cancelled checks, loan ledgers and loan applications. As indicated, then, the records sought were produced and maintained by the two banks and the credit union, respectively, for their own business purposes. That such records may be summoned over the objection of a depositor is well established. See *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *United States v. Continental Bank & Trust Co.,* 503 F.2d 45, 49 (10th Cir. 1974); *Securities & Exchange Commission v. First Security Bank of Utah,* 447 F.2d 166, 167 (10th Cir. 1971); *Galbraith v. United States,* 387 F.2d 617, 618 (10th Cir. 1968).

▆ The second matter urged in this Court as ground for reversal is that the District Court did not make any finding as to the "good faith" of the I.R.S. investigation. In connection with this point, reliance is placed on the recent case, *United States v. LaSalle National Bank,* —— U.S. ——, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). In *LaSalle,* the Supreme Court held that a summons issued pursuant to Section 7602 of the Internal Revenue Code, prior to a recommendation for criminal prosecution to the Department of Justice, should be enforced if issued in good faith. Counsel argues here that the "good faith" aspect of the present case was never ruled on by the District Court. He concedes that the matter was never raised in the District Court and asks that such omission be overlooked because of the fact that the taxpayer was proceeding *pro se* in the District Court. We disagree with such reasoning. One who

elects to proceed in a trial court, *pro se,* does so at his own peril. Otherwise, he is afforded appellate rights not given litigants represented by counsel. In the instant case we adhere to the general rule that an issue not raised in the trial court cannot be raised for the first time in this Court. *Christiansen v. Farmers Ins. Exchange,* 540 F.2d 472 (10th Cir. 1976); *International Union of Operating Engineers, Local 953 v. Central Nat'l Life Ins. Co.,* 501 F.2d 902 (10th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 397 (1975).

Judgment affirmed.