**UNIVERSAL LIFE CHURCH, INC., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. C–83–4180–JPV.**

United States District Court, N.D. California.

Feb. 16, 1984.

Peter R. Stromer, Los Gatos, Cal., for petitioner.

George Bevan, Jr., Asst. U.S. Atty., San Francisco, Cal., for respondent.

VUKASIN, District Judge.

This matter came on for hearing on the United States' motion to dismiss the petition to quash an Internal Revenue Service (IRS) summons served on Bank of America. The Court has considered the record to date herein, including the Government's memorandum and Declaration in support of the motion, and no opposition has been filed by the petitioner. The motion is granted for the reasons discussed below.

An IRS summons was issued to the Bank of America, 500 Linden Avenue, San Francisco. The summons was served on August 18, 1983 seeking records in connection with the tax liabilities of one Terence Grew for the years 1980 and 1981. The summons requested the following bank records:

ALL RECORDS RELATING TO CHECKING ACCOUNT NUMBER 01452–02307, IN THE NAME OF UNIVERSAL LIFE CHURCH INC. CHARTER NUMBER 24466, FOR THE YEARS 1980 AND 1981.

THESE RECORDS SHOULD INCLUDE, BUT NOT BE LIMITED TO, THE FOLLOWING:

(A) SIGNATURE CARDS

(B) BANK STATEMENTS

(C) DEPOSIT SLIPS

(D) CHECKS DEPOSITED (FRONT & BACK)

(E) CHECKS WRITTEN ON THE ACCOUNT (FRONT & BACK)

These records are necessary and relevant to determine Grew's correct tax liability because he claimed substantial charitable contribution deductions in 1980 and 1981 for checks deposited to this bank account. Grew issued receipts on behalf of the Church to himself for these contributions.

Since Bank of America is a "third-party recordkeeper" under § 7609(a)(3), Revenue Agent Quinn mailed written notice of the summons to the taxpayer, Terence Grew, and to "Universal Life Church Charter 24466". These were the persons identified in the description of records in the summons.

The petitioner alleged that this Court has jurisdiction to quash the summons under 26 U.S.C. § 7609(b), as amended by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97–248. Under

§ 7609(b)(2)(A), any person "who is entitled to notice of a summons [served after December 31, 1982] under subsection (a) shall have the right to begin a proceeding to quash said summons..." Under § 7609(a)(1)(B), a person is entitled to notice of the summons if the summons is served on a third-party recordkeeper, and "the summons requires the production of any portion of records made or kept of the business transactions or affairs of ... [such] person (other than the person summoned) who is identified in the description of the records contained in the summons."

The petitioner "Universal Life Church, Inc." was not identified in the description of records contained in the summons, and therefore was not entitled to receive notice of the summons and had no right to commence this proceeding to quash the summons under § 7609(b). The Universal Life Church, Inc. (ULC), headquartered in Modesto, California, is separate and distinct from ULC mail order "charter" or "chapter" churches, such as Charter No. 24466 affiliated with the taxpayer, Terence Grew. (Mr. Grew and Charter No. 24466 have the same mailing address at World Trade Center 275, San Francisco, and Mr. Grew is believed to have signature authority on the church account at Bank of America.)

In *United States v. Toy National Bank et al.*, 79–1 USTC ¶ 9344 (N.D.Ia 1979), the Court held that the Universal Life Church, Inc. could not challenge a summons on behalf of a ULC chapter ("The Full Circle Church"), and that the chapter "church" must challenge the summons on its own. This is consistent with numerous decisions holding that the tax exemption issued to Universal Life Church, Inc. is not a group exemption, and therefore chapter or charter churches of the Universal Life Church are not covered by that exemption. *See, e.g. Davis v. Commissioner*, 81 T.C. No. 49 (Oct. 26, 1983); *Mendenhall v. Commissioner* T.C.Memo. 1983–491; *Solanne v. Commissioner*, T.C.Memo. 1983–67; *Murphy v. Commissioner*, T.C.Memo 1983–59; *Owens v. Commissioner, supra; Mustain v. Commissioner, supra; Magin v. Commissioner*, T.C.Memo. 1982–383; *Hall v. Commissioner*, T.C. 1982–337; *Kellman v. Commissioner*, T.C.Memo. 1981–615; *Reimers v. Commissioner*, T.C.Memo. 1981–456; *Brown v. Commissioner*, T.C. Memo. 1980–553.

Accordingly, the Universal Life Church, Inc. had no standing under § 7609(b)(2)(A) to file a motion to quash the summons issued for bank records in the name of Terence Grew's chapter church, "Universal Life Church Charter 24466." This Court lacks subject matter jurisdiction under § 7609(h)(1) and petitioner's motion to quash must be and is hereby dismissed.