**Arthur W. MORRIS and The Universal Life Church, Inc., Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 84–0022.**

United States District Court, E.D. Michigan, S.D.

June 28, 1985.

*ry, supra,* 712 F.2d at 1211, 1213; *Pinto v. Zenith Radio Corp., supra,* 480 F.Supp. at 363; *Petrella v. N.L. Industries, Inc., supra.*

Arthur W. Morris, Royal Oak, Mich., for petitioners.

L. Michael Wicks, Detroit, Mich., Peter Sklarew, Trial Atty., Tax Div. Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION

SUHRHEINRICH, District Judge.

Petitioner, Arthur Morris, brought this action pursuant to 26 U.S.C. § 7609 on his own behalf and that of the Universal Life Church, Inc. to quash an Internal Revenue Service (IRS) summons issued to and served upon the Michigan National Bank of Macomb on December 13, 1983. The IRS requested bank records pertaining to an account in the name of the Universal Life Church Assembly of the Brethren in Christ, but over which petitioner Morris and two other persons have signatory authority. The IRS is investigating the tax liability of petitioner Morris for the years 1979 through 1982. Mr. Morris filed federal income tax returns as a self-employed insurance salesman for several years, but stopped filing returns in 1979. This matter is currently before the Court upon petitioners' motion to amend and/or supplement the pleadings and the government's motion for summary denial of the petition and enforcement of the summons. Pursuant to Local Rule 17(j), the Court will determine the motions without oral hearing.

Under 26 U.S.C. § 7602(a), the IRS is granted the authority to summon records for the purpose of determining an individual's tax liability. Under section 7609, the IRS may serve a summons upon a third-party record keeper, such as banks and other financial institutions, consumer reporting agencies, persons extending credit, brokers, attorneys and accountants, for disclosure of the third-party's records maintained on the individual who is the subject of an IRS investigation. 26 U.S.C. § 7609(a)(3). When such a summons is served on a third-party record keeper, § 7609(a) requires that notice of the summons be given to the person whose records are being requested. The purpose of the notice provision is to give the noticee the opportunity to quash the summons and raise available defenses at the summons enforcement proceeding. 26 U.S.C. § 7609(b).

In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court set forth the following guidelines in deciding whether to enforce an IRS summons:

1) the investigation is being conducted for a legitimate purpose;

2) the summoned data is relevant to that purpose;

3) the information is not yet in the possession of the IRS; and,

4) the proper administrative steps have been followed.

379 U.S. at 57–58, 85 S.Ct. at 255. The burden is upon the IRS to show that these four requirements have been met. "The requisite showing is generally made by the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir.1979). Once the four requirements are met, a *prima facie* case has been established, and the burden shifts to the petitioners to show that a genuine issue as to any material defense exists. *Powell*, 379 U.S. at 58, 85 S.Ct. at 255.

Special Agent Battani stated in his sworn declaration that the summons is directed towards documents relevant to an examination of the tax liabilities, if any, of Mr. Morris for the years 1979 through 1982, including whether petitioner may have violated any criminal provisions of the Internal Revenue Code. The requested documents pertain to an account over which petitioner Morris has signatory authority. Morris has also participated in financial transactions concerning that account during the years in question. Agent Battani stated: "The reports pertaining to such accounts may contain information relating to the tax liabilities of petitioner for the years in question and the named banks are in possession of books, records, papers and other data relating to the liabilities under investigation." Declaration at ¶ 5. The requested documents are not in the possession of the IRS. Agent Battani further stated that notice of the issuance of the summons was sent by certified mail to petitioner Morris, the two persons who also have withdrawal authority on the account and the Universal Life Church Assembly of the Brethren in Christ. Exhibit A of Declaration.

The Court finds that the IRS summons was issued for a legitimate purpose—determining Mr. Morris' tax liability, the requested documents are relevant to that purpose, the requested documents are not already in the possession of the government, and the proper administrative procedures have been followed. 26 U.S.C. § 7602 and 7609(a). The government, therefore, has fulfilled its initial burden.

In the original petition to quash, petitioners raised the following defenses: 1) the summons is overbroad and disclosure of the church's banking transactions violates the First Amendment rights of religion and association of the church and its members; 2) the summons is being illegally used for the sole purpose of inquiring about petitioner Morris' possible criminal conduct; and 3) the 1982 Tax Equity and Fiscal Responsibility Act (TEFRA) violates Article I, § 7 of the U.S. Constitution.

As a threshold matter, the Universal Life Church, Inc. does not have standing under § 7609(b)(2)(A) to challenge the summons issued for bank records in the name of Universal Life Church Assembly of the Brethren in Christ. *Universal Life Church, Inc. v. United States*, 582 F.Supp. 79, 80 (N.D.Cal.1984). The Universal Life Church, Inc., headquartered in Modesto, California, is separate and distinct from its chapter or charter churches, and not entitled to notice under § 7609(a). To argue that the Universal Life Church Assembly of the Brethren and Universal Life Church, Inc. are the same entity runs contrary to the tax exemption granted Universal Life Church, Inc. The exemption is not a group exemption; therefore, charter and chapter churches are not covered. *Id. See also Davis v. Commissioner*, 81 T.C. 806 (1983). Universal Life Church, Inc. will be dismissed from this action.[1]

As to petitioner Morris' first argument, the court finds the rationale of *United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir.1981), persuasive. In *Grayson*, the IRS had summoned certain records "on (or on behalf of) the First Pentecostal Church ... for the years 1973, 1974, 1975 and 1976 and on which the [minister-taxpayer] has signature privileges and/or trustee assignment." The Fifth Circuit reversed the holding of the district court which concluded that "First Amendment rights of the church or its members were implicated by the issuance of the summons." 656 F.2d at 1074. The court noted that the summons "was issued to secure access to records in the possession of a bank, in connection with a taxpayer investigation, to examine those records of the bank pertaining to the church that were relevantly connected with the taxpayer's financial activity for the tax years of the investigation." *Id.* The court determined that "allowing the IRS access to information to determine the correct tax liability of the taxpayer, the church's minister, does not restrict the church's freedom to espouse religious doctrine nor to solicit members or support." *Id.* The court concluded that issuance of the summons did not constitute any significant burden on the free exercise of religious activity by the church or its members. *Id.* This Court reaches the same conclusion. Petitioner has not shown that enforcement of the summons would hamper the religious freedoms of the church members. *See United States v. Manufacturers Bank*, 518 F.Supp. 495 (E.D.Mich.1981).

Petitioner's reliance upon *United States v. Trader's State Bank*, 695 F.2d 1132 (9th Cir.1983), is misplaced. In that case, the IRS summoned all records relating to the Life Science Church while investigating the tax liability of the founders and trustees of the church. The court found the summons overbroad because the IRS requested all church banking records, not only those related to the individuals. *Id.* at 1133. In this case, the IRS limited the summons to those bank records on an account over which Morris has signatory authority. The First Amendment concerns which formed the basis of the decision in *Trader's State Bank* are not present in this case.

Petitioner's second and third defenses are without merit. Under 26 U.S.C. § 7602(b) and (c)(1), a summons may be used to inquire into criminal conduct even if criminal conduct is the sole object of the investigation, as long as there has been no IRS referral to the Justice Department. *See McTaggart v. United States*, 570 F.Supp. 547 (E.D.Mich.1983). There has been no Justice Department referral in this matter; therefore, petitioner's second defense does not bar enforcement of the summons.

As to the third defense, the Sixth Circuit recently held that TEFRA did not violate the origination clause, Article I, § 7 of the Constitution. *Heitman v. United States*, 753 F.2d 33, 35 (6th Cir.1984).

---

1. The Court notes that Mr. Morris is the only party to sign the petition and constantly uses the singular form of petitioner. It is quite apparent that the real party of interest in this matter is only Mr. Morris.

■ Petitioner filed a motion to amend and/or supplement the petition to quash to assert essentially three additional defenses: 1) disclosure of the bank records violates Morris' right against self-incrimination; 2) disclosure violates the Fourth Amendment; and 3) the issuance of the summons violates due process. Because the Court finds all of these defenses to be without merit, the Court will deny petitioner's motion to amend and/or supplement the pleading. *United States v. Blackwood*, 582 F.2d 1244, 1246 (10th Cir.1978) (records sought were produced and maintained by the two banks and credit union for their own business purposes and may be summoned over the Fifth Amendment objection of a depositor). *United States v. Miller*, 425 U.S. 435, 442, 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71 (1975) (a taxpayer has no Fourth Amendment expectation of privacy in the records of an account kept by a bank). *Phillips v. Commissioner*, 283 U.S. 589, 596–97, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931) (due process is not denied where there is an adequate opportunity for a later judicial determination of legal rights).

■ The Court concludes that petitioner's defenses fail to bar enforcement of the IRS summons. The government's motion for summary denial of the petition and enforcement of the summons will be granted. An appropriate order will be entered.