**Robert L. JUNGLES, Plaintiff,**

v.

**UNITED STATES of America and Joseph J. Heenan, Special Agent, Defendants.**

No. 85 C 6500.

United States District Court, N.D. Illinois, E.D.

Feb. 19, 1986.

Robert L. Jungles, Joliet, Ill., for plaintiff.

Asst. U.S. Atty., Anton R. Valukas, Jeffrey N. Kaplan, Dept. of Justice/Tax Div., Washington, D.C., for defendants.

## ORDER

NORGLE, District Judge.

Plaintiff has filed this petition seeking to quash four summons issued by the Internal Revenue Service (IRS). Defendants move to dismiss the petition for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

■ 26 U.S.C. § 7609(h) grants the district court jurisdiction over petitions to quash summons issued to a person "who resides or is found" in the district. Because one of the summonses, to Botts Oil & Gas Co., in Mattoon, Illinois was served upon a person who neither resides nor is found within the Northern District of Illinois, this court is without jurisdiction to consider the petition to quash and the petition is, therefore, dismissed. *See Masat v. United States,* 745 F.2d 985 (5th Cir.1984); *Maikranz v. United States,* 1985 Tax Cases ¶ 9529, 89, 309 (N.D.Ind.1985).

With respect to the remaining three summonses, plaintiff must present specific facts from which the court could infer a significant possibility of wrongful conduct by the government. *See United States v. Kis,* 658 F.2d 526, 539 (7th Cir.1981), *cert.*

*denied sub nom. Salkin v. United States,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). The government correctly states that it need not demonstrate that it has met the requirements in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964) at this stage in the proceedings. *Powell* concerned the government's *prima facie* case in requesting judicial enforcement of an IRS summons.

■ The government does not seek enforcement at this time but rather seeks to dismiss the petition to quash the summonses. The Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. § 7609(b)(2), in an effort to prevent burdensome obstruction by taxpapers of enforcement of the tax laws, placed the burden on the taxpayer to initiate a proceeding within twenty days to quash the summons. *See Joint Committee on Taxation, General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982,* 97th Cong.2d Sess. 231–22; *see also Goodwin v. United States,* 564 F.Supp. 1209, 1211–12 (D.Del.1983). Thus, plaintiff must state and present a defense to the summonses before a district court will grant the petition to quash.

■ Plaintiff's only stated defense is that the IRS summonses are without effect because the sixteenth amendment empowering the federal government to assess an income tax is unconstitutional. Plaintiff argues that the amendment was never properly ratified by the states because many of the states' resolutions contained word variations and typographical and punctuation errors. The plaintiff's argument is without merit. The validity of the sixteenth amendment has most recently been challenged and upheld by the Fifth Circuit, *Knoblauch v. Commissioner,* 749 F.2d 200 (5th Cir.1984) (challenge in part to ratification process), and the court sees no reason to overturn an amendment that has been left intact by courts (including the Supreme Court) and countenanced by taxpayers for now over seventy years. *See*

*Brushaber v. Union Pacific R.R. Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); *Parker v. Commissioner,* 724 F.2d 469 (5th Cir.1984). Plaintiff's argument is not a defense to the summonses. Plaintiff's complaint is dismissed.

IT IS SO ORDERED.