**Charles R. DELEEUW and Joan C. Deleeuw, Plaintiffs,**

v.

**I.R.S. and Norman R. Raby (Agent) and Gerald Moore (Manager Grp–1415), Defendants.**

**No. 87–CV–71800–DT.**

United States District Court, E.D. Michigan S.D.

Dec. 15, 1987.

---

Charles Deleeuw, pro se.

Joseph Cammarata, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

#### A.

Plaintiffs filed suit seeking to quash three third-party IRS summonses (the complaint alleges six but three were duplicates) directed to financial institutions in which plaintiffs keep assets. 26 U.S.C. § 7609(b)(2)(A). The summonses requested all records pertaining to 1985 tax information. Plaintiffs say they filed complete tax returns for 1985 and that the records reflect plaintiffs' "personal way of living" and are of no interest to the IRS.

#### B.

Defendant, the United States, moves to dismiss. Fed.R.Civ.P. 12(b). Defendant says that the IRS and agents Norman Raby and Gerald Moore are not proper parties and that the United States is the only proper party. Defendant also says the petition fails to state a claim upon which relief can be granted because there are no allegations which constitute a sufficient defense to the summonses.

For the following reasons, the Court DISMISSES the I.R.S., and agents Raby and Moore; they are not proper parties. The United States is defendant. Plaintiffs' motion to quash is DENIED.

### II.

#### A.

The Court's inquiry under Rule 12(b)(6) is essentially limited to the content of the complaint. 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1356 p. 592. The allegations of the complaint must be accepted as true, *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980), and must be construed favorably in plaintiff's behalf. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

#### B.

The I.R.S. and agents Raby and Moore are not proper parties. An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly been conferred by Congress.

*Blackmar v. Guerre,* 342 U.S. 512, 514–15, 72 S.Ct. 410, 411–12, 96 L.Ed. 534 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued. *Henry Vlietstra Plastering & Acoustical Co. v. I.R.S.,* 401 F.Supp. 829, 832 (W.D.Mich.1975). Relief sought against agents Raby and Moore is actually relief sought against the United States. *Warner v. Reynolds,* 54 A.F.T.R. 2d 5698 (S.D.Ind.1984) [Available on WESTLAW, 1984 WL 3079].

### C.

█ The allegations of the complaint are not sufficient to state a claim for quashing the summonses. Plaintiffs must present specific facts from which the court could infer the possibility of wrongful conduct by the government. *Jungles v. U.S.,* 634 F.Supp. 585, 586 (N.D.Ill.1986). Plaintiffs first say that the yearly statements from each of the institutions were submitted to the IRS with their 1985 taxes. According to the government's motion, the IRS summonsed *all* records for the 1985 tax year, not just a yearly statement. The IRS does not already have possession of the records requested.

█ Plaintiffs' second argument, that the records are of no interest to the IRS as they reflect plaintiffs' personal way of living is also without merit. There is no right of "privacy" in summoned bank records. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *McTaggart v. U.S.,* 570 F.Supp. 547, 550 (E.D. Mich.1983).

Although the United States usually moves to enforce a summons when it is challenged, *see, e.g., Morris v. United States,* 616 F.Supp. 246 (E.D.Mich.1985); *McTaggart,* 570 F.Supp. 547, it is entitled to pursue a dismissal of the petition and if successful, rely on third-party compliance with the summons. *Jungles, supra.*

SO ORDERED.