**Thomas E. TLUSTY and Mary S. Tlusty, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**No. 93–X–75332–DT.**

United States District Court, E.D. Michigan, Southern Division.

May 18, 1994.

Thomas E. and Mary S. Tlusty, in pro per.

Mary S. Rigdon, Asst. U.S. Atty., Detroit, MI, Keith V. Morgan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant USA.

## ORDER OF DISMISSAL

HACKETT, District Judge.

Respondent has filed a motion to dismiss petitioners' *pro se* petition to quash the third-party summons issued by respondent to Comerica Bank. After failing to respond to defendant's motion, petitioner responded to this court's order to show cause why respondent's motion should not be granted. For the reasons stated in this order, respondent's motion shall be granted.

According to the government's motion, petitioners have not paid taxes for the years 1987 through 1991. The Internal Revenue Service (IRS) issued a third-party record-keeper summons to Comerica Bank seeking all of its financial records for petitioners for the periods of January 1, 1987 through December 31, 1992.

### A. Service of process.

Respondent first argues that the petition to quash should be dismissed because petitioners have failed to effectuate proper service pursuant to Fed.R.Civ.P. 4(d)(4). Respondent states that while petitioners served the United States Attorney in this district, they did not serve the Attorney General of the United States as required by Federal Rule of Civil Procedure 4(d)(4).

Service of process is made upon the United States: "by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States...." Fed. R.Civ.P. 4(d)(4). If service of process is not made within 120 days, "the action shall be dismissed" without prejudice unless "good cause" can be shown as to why service was not made within the required time. Fed. R.Civ.P. 4(j). Absent a showing of good cause, Rule 4(j) mandates that the case be dismissed. *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992).

Petitioners' response states that the Attorney General of the United States and Comerica were properly served. The exhibit attached to the response is a copy of a receipt for certified mail sent to the Attorney General of the United States, dated December 22, 1993. Petitioners' response is sufficient to show proper service, and respondent has not filed a reply brief contesting petitioners' assertions. Thus, improper service is not a proper basis for dismissal.

### B. Motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6).

Respondent's other basis for seeking dismissal is that the petitioner fails to state a claim upon which relief can be granted. Respondent argues that petitioners have failed to meet their burden of coming forward with specific facts which would show that there may exist a legally sufficient defense to the Internal Revenue Service's summons.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of

plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Engineers and Associates, Inc. v. West Bloomfield Tp.*, 922 F.2d 328, 330 (6th Cir.1990).

■ Petitioners' response to respondent's motion to dismiss does not address the assertion that they have not met their burden of supporting their motion to quash. They state concern about the effects of the summons upon their banking relationship with Comerica and request that they be allowed to pursue their petition to quash, or in the alternative, be given time to retain counsel.

In this case, the allegations of the petition are not sufficient to state a claim for quashing the summons. As stated in *Deleeuw v. I.R.S.*, 681 F.Supp. 402, 404 (E.D.Mich.1987), "plaintiffs must present specific facts from which the court could infer the possibility of wrongful conduct by the government" (citing *Jungles v. U.S.*, 634 F.Supp. 585, 586 (N.D.Ill.1986)). "Although the United States usually moves to enforce a summons when it is challenged, *see, e.g., Morris v. United States*, 616 F.Supp. 246 (E.D.Mich.1985); *McTaggart [v. U.S.*, 570 F.Supp. 547 (E.D.Mich.1983) ], it is entitled to pursue a dismissal of the petition and if successful, rely on third-party compliance with the summons. *Jungles*, supra." Here, the government does not seek to enforce the summonses. Relying on the voluntary compliance of the third party Comerica, the government moves only to dismiss the petition to quash. For the foregoing reasons the respondent's motion to dismiss hereby is GRANTED.

SO ORDERED.