Michael J. HOGAN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 1–94–120.

United States District Court, S.D. Ohio, Western Division.

Oct. 25, 1994.

Michael J. Hogan, pro se.

Stacy Hallett, U.S. Dept. of Justice, Tax Div., Washington, DC, for respondent.

## REPORT AND RECOMMENDATION

STEINBERG, United States Magistrate Judge.

This matter is before the Court for consideration of petitioner's four petitions to quash IRS summonses. The Court conducted a hearing on this matter on September 22,

1994. For the reasons set forth below, petitioner's petitions to quash should be denied.

Petitioner, Michael J. Hogan, filed four (4) petitions to "Quash Service of Third Party Administrative Summons of Record." These petitions relate to summonses issued between June 15–23, 1994, to: (1) Star Bank f.k.a. Second National Bank of Hamilton; (2) Oak Hill Bank; (3) Huntington National Bank; and (4) First National Bank of Southwest Ohio.

 The Internal Revenue Service is authorized to make inquiries concerning any person who may owe any internal revenue tax. 26 U.S.C. § 7601. Unless a taxpayer has been referred to the Justice Department for criminal prosecution, the Internal Revenue Service may issue an administrative summons requiring any person having possession of financial records concerning the taxpayer to produce those records. 26 U.S.C. § 7602(a)(2). The Internal Revenue Service must serve the taxpayer with a copy of the summons within three days of service on the recordkeeper. 26 U.S.C. § 7609(a). The taxpayer then has 20 days within which to move to quash the summons. 26 U.S.C. § 7609(b)(2)(A). The United States may move to enforce a summons when it is challenged or it may move to dismiss the petition to quash and rely on third-party compliance of the summons. *Deleeuw v. IRS*, 681 F.Supp. 402 (E.D.Mich.1987); *Cosme v. I.R.S.*, 708 F.Supp. 45 (E.D.N.Y.1989).

This action should be dismissed as petitioner has failed to state a claim upon which relief may be granted. Petitioner puts forth several grounds in support of his request that the Court Quash the summonses: (1) 26 U.S.C. § 7602 is not applicable to him because it applies only to persons who are engaged in activities relating to Alcohol, Tobacco, and Firearms; (2) issuance of a third-party recordkeeper summons violates his constitutional right to due process because documents may be seized without judicial scrutiny; and (3) petitioner was never served with notice of a requirement to keep records. For the reasons that follow, not one of these claims presents a basis for quashing the summonses.

 Petitioner's argument that 26 U.S.C. § 7602 applies only to Alcohol, Tobacco, and Firearms activities has been uniformly rejected the courts. In *United States v. Streett*, 791 F.Supp. 563, 568 (D.Md.1992) the court stated:

The patent flaw in the argument is that the cited ATF regulations are not the exclusive source of the government's authority to issue summonses under § 7602 of the Code. Section 7602 authorizes the Secretary of the Treasury to issue summonses for the purposes of determining the tax liability of "any person." Treas.Reg. § 301.7602–1 in turn authorizes the IRS to implement § 7602 with respect to "any person." Thus, the IRS had both statutory and regulatory authority to issue the summons.

*See also, Buttonbrush Company v. United States*, Case No. 4:92 CV 2718, 1993 WL 603284 (USDC N.D.Ohio, June 15, 1993).

 Petitioner's argument that issuance of the summonses violates his rights under the Fourth Amendment of the Constitution is also flawed. "The summons provision of Title 26 has repeatedly sustained constitutional attacks based on the First, Fourth, and Fifth Amendments to the Constitution." *Spine v. United States*, 670 F.Supp. 217, 221 (S.D.Ohio 1987) (citations omitted). A person has no legitimate expectation of privacy in the contents of records voluntarily conveyed to a third-party. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). This principle applies to records held by a bank. *United States v. Miller*, 425 U.S. 435, 441–43, 96 S.Ct. 1619, 1623–24, 48 L.Ed.2d 71 (1976); *Harris v. United States*, 758 F.2d 456, 457 (9th Cir.1985); *Dinsio v. United States*, 90–2 USTC ¶ 50,455, 85,471, 1990 WL 132507 (N.D.Ohio). Accordingly, petitioner's contention concerning the violation of his expectation of privacy is frivolous and cannot provide a basis for quashing the summonses in question.

 Petitioner's third defense, that he was never provided notice that he must keep records, is equally meritless. The summonses at issue are third party recordkeeper summonses. They do not involve records kept

by petitioner, but rather records kept by financial institutions. The summonses call for the production of documents already in existence. Lack of notice of a requirement to keep records is not a valid basis for quashing the summonses. *U.S. v. Streett,* 791 F.Supp. 563 at 568.

■ Here, the government has requested only that the action be dismissed, not that the summonses be enforced. Petitioner has the initial burden to present specific facts from which the Court could infer a possibility of wrongful conduct by the government. *See, Godwin v. United States,* 564 F.Supp. 1209, 1215 (D.Del.1983), where the Court noted:

> It is well settled that a party opposing an IRS summons must come forward with specific facts, under oath, from his own resources, demonstrating that a triable issue exists on a legally sufficient defense in order to justify an evidentiary hearing.

Therefore, a petition to quash, like a complaint, may simply fail to state a claim upon which relief can be granted and the action should then be dismissed. *Dennis v. United States,* 660 F.Supp. 870, 875 (C.D.Ill.1987); *Jungles v. United States,* 634 F.Supp. 585, 586 (N.D.Ill.1986); *O'Neal v. United States,* 601 F.Supp. 874, 877 n. 1 (N.D.Ind.1985); *Sloan v. United States,* 621 F.Supp. 1072, 1076–74 (N.D.Ind.1985), aff'd in part, dismissed in part, 812 F.2d 1410 (7th Cir.1987). As discussed, here petitioner's petition to quash fails to state a claim upon which relief can be granted and the action should be dismissed.

Though not required to do so because it is not seeking enforcement of the summonses, the United States has established that (1) the summonses were issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in possession of the government; and (4) the administrative steps required by the Internal Revenue Code have been followed. *See generally, United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) (holding that the above elements establish a prima facie case for enforcement of an Internal Revenue Service summons).

The summonses here were duly issued by IRS Special Agent Tedd A. Boomershine in accordance with the provisions of the Internal Revenue Code and in furtherance of an investigation of the Petitioner with respect to the 1987, 1988, 1989, 1990, 1991, 1992, and 1993 tax periods. Special Agent Boomershine testified that he was conducting an investigation to determine the correct federal tax liability of Michael Hogan, the petitioner, for the taxable years 1987 through 1993. He further testified this case had not been referred to the United States Department of Justice for criminal prosecution and that he had followed all procedures required by the Internal Revenue Code, including providing for proper service of the summons and providing notice of the summonses to the petitioner. Special Agent Boomershine stated that the summoned information was not already in the possession of the Internal Revenue Service and that the information summoned was related to and needed for the determination of the correct tax liabilities of petitioner, Michael Hogan, for the years 1987 through 1993.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's Petitions to Quash be denied.