**John F. SCHOTT, Petitioner,**

v.

**SECRETARY OF TREASURY,
et al., Respondents.**

No. 1:95CV1463.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 27, 1995.

John F. Schott, Brooklyn, OH, pro se.

Stephen T. Lyons, Department Of Justice, Washington, DC, Annette G. Butler, Office Of U.S. Attorney, Cleveland, OH, for Secretary of United States Treasury.

Stephen T. Lyons, Department of Justice, Washington, DC, S. Robert Lyons, Department of Justice, Tax Division, Washington, DC, for Kenneth R. Liuzzo.

Jeffrey C. Paxton, Dollar Bank, Cleveland, OH, for Dollar Bank.

*MEMORANDUM OF OPINION*

MANOS, District Judge.

■ On June 30, 1995, John F. Schott, the petitioner,[1] filed the above captioned case against the Secretary of the Treasury, the Internal Revenue Service (IRS), the Attorney General of the United States, the United States Attorney for the Northern District of Ohio, (collectively, the Government), and Dollar Bank (the Bank), the respondents, seeking to quash an IRS summons issued to the Bank. Jurisdiction is predicated upon 26 U.S.C. §§ 7402(b), 7604(a).

On August 28, 1995, the Government filed a motion to dismiss. On September 15, 1995, Schott responded.[2] For the following reasons, the motion to dismiss is granted.

## I.

Schott resides in Brooklyn, Ohio. He is a customer of the Bank in Cleveland, Ohio. On June 16, 1995, the IRS issued a summons on the Bank to produce the records of his account. On June 20, 1995, the Bank notified him of the summons. On June 30, 1995, he filed a petition to quash the summons alleging that (1) he was not timely notified (Pet. ¶ 8.); (2) the IRS agent was not authorized to issue a summon (Pet. ¶ 9.); (3) he "is not involved in any alcohol, tobacco, firearms, or fuel excise tax or any other tax" (Pet. ¶ 10.); (4) the IRS agent acted in bad faith by not responding to a questionnaire (Pet. ¶ 12.); and (5) "he has not equitable equity in the property or the account in question." (Pet. ¶ 13.)

## II.

■ Under Fed.R.Civ.P. 12(B)(6), a complaint does not state a claim upon which relief can be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The complaint is to be construed in the light most favorable to the plaintiff, and all factual allegations are to be considered as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[A] petition to quash, like a complaint, may simply fail to state a claim upon which relief can be granted." *Hogan v. United States,* 873 F.Supp. 80, 82 (S.D.Ohio 1994).

## III.

■ The IRS is authorized to issue a summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting such liability." 26 U.S.C. § 7602. It may issue a summons "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell,* 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

■ Absent an allegation of bad faith or prejudice, a delay in notice is not sufficient to quash a summons. *Sylvestre v. United States,* 978 F.2d 25, 28 (1st Cir.1992). Schott does not allege that the delay was in bad faith or caused prejudice. Indeed, he was notified in time for him to file his petition. Thus, a one day delay in notice does not set forth a basis to quash the summons.

■ The remaining allegations of the petition are frivolous. IRS agents are authorized to issue summons. *See* 26 U.S.C. § 7602(a); 26 C.F.R. §§ 301.7602–1(b), 301.7701–9(b); *Van Manen v. United States,* 838 F.Supp. 335, 336–37 (W.D.Mich.1993), *aff'd,* 23 F.3d 409 (6th Cir.1994). In addition, they are not required to answer questionnaires. Moreover, the IRS need not establish probable cause before issuing a summons. *Powell,* 379 U.S. at 57, 85 S.Ct. at 254. Therefore, Schott is not entitled to relief. Accordingly, the Government's motion to dismiss is granted, and his petition is dismissed.

IT IS SO ORDERED.

## *ORDER*

Pursuant to the Memorandum of Opinion issued in the above captioned case this date,

---

**1.** As he is proceeding *pro se,* his petition is liberally construed. *See Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992).

**2.** Schott filed a motion to strike pursuant to Fed.R.Civ.P. 12(f). His motion is considered as opposition to the Government's motion to dismiss.

respondents' motion to dismiss is granted, and the petition to quash is dismissed.

IT IS SO ORDERED.