IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20224
Summary Calendar
_____


THOMAS O. MAXTON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; INTERNAL REVENUE
SERVICE; CRIS FLORES,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(94-MC-298)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
November 26, 1996
Before JOLLY, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

On July 27, 1994, the Internal Revenue Service issued third-party recordkeeper summonses to two financial institutions seeking information relating to Thomas Maxton's tax liability.  Maxton filed a petition to quash the summonses. The government filed an answer and a counterclaim that sought dismissal of Maxton's

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

petition and enforcement of the summonses.[1]  Maxton did not file a reply to the counterclaim.  The district court denied the taxpayer's petition and ordered compliance with the summonses.

Maxton first argues that the IRS has no probable cause to issue the summons, and therefore enforcement of them would violate his rights protected by the Fourth Amendment.  Nevertheless, the Supreme Court has held that the IRS "need not meet any standard of probable cause to obtain enforcement of [a] summons."  United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).  Rather, the government needs only to make a minimal prima facie showing that (1) the summons is issued for a proper purpose; (2) the material sought is relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed.  Id.

Here, the district court properly denied Maxton's petition to quash and ordered the financial institutions to comply with the summonses based on the answer and counterclaim filed by the government.  The government has satisfied the Powell test.  The summonses were issued to obtain information about Maxton's tax liability and, therefore, was for a proper purpose.  The summonses

_____

[1]The IRS must apply to a district court to enforce its summonses.  See United States v. Claes, 747 F.2d 491, 494 (8th Cir. 1984).

2

only requested information relevant to that purpose, including ledger sheets for Maxton's accounts, and applications for loans. There is no evidence that the IRS possessed the requested information. Finally, the IRS followed the required administrative steps.

Maxton contends that Revenue Agent Flores was not authorized to issue and serve administrative summonses. Under §§ 7602 and 7603 of the Internal Revenue Code ("IRC"), the Secretary of the Treasury and his delegates are vested with authority to issue and serve administrative summonses. The Secretary of the Treasury has vested the Commissioner of the Internal Revenue with the responsibility for administering the Internal Revenue laws. See Treas. Ord. No. 150-10 (Apr. 22, 1982); Treas. Ord. No. 150-37 (Mar. 17, 1955 and Apr. 22, 1982). The Commissioner has the power to designate IRS employees to issue summonses. Treas. Reg. § 301.7603-1(b)(T.D. 7188, 37 Fed. Reg. 12,796 (June 29, 1972), as amended by T.D. 7297, 38 Fed. Reg. 34,803 (Dec. 19, 1973). The Commissioner has exercised this power, and delegated her authority to issue and serve summonses to revenue agents, like Revenue Agent Cris Flores, who issued the summons here. Delegation Order No. 4 (Rev. 20 § 1(d)(3)(March 5, 1990), 1990-1 C.B. 294 (55 Fed. Reg. 7626 (Mar. 2, 1990)). Therefore, the summonses in this case were properly issued and served.

Maxton further argues that the authority to issue administrative summonses applies only in connection with alcohol, tobacco and firearms taxes or offenses. This contention is absolutely without merit. 26 U.S.C. § 7602 gives the IRS broad authority to issues summons enforcing all types of taxes. See, e.g., United States v. Sanders, 951 F.2d 1065, 1067 (9th Cir. 1991); United States v. Joyce, 498 F.2d 592, 594 (7th Cir. 1974). District courts across the country have been inundated with arguments similar to Maxton's. See, e.g., Darland v. United States, No. 4:96:MC:4, 1996 WL 498430 (W.D.Mich. June 10, 1996); Hogan v. United States, 873 F.Supp. 80 (S.D. Ohio 1994); Wallace v. United States, No. MS-1-94-035, 1994 WL 676498 (S.D. Ohio Aug. 22, 1994); United States v. Klimek, No. 91-4682, 1992 WL 99634 (E.D.Pa. April 29, 1992); United States v. Streett, 791 F.Supp. 563 (D.Md. 1992). Although the district court has shown restraint, it would be well within its discretion to sanction a party under these circumstances.

Maxton also tosses a variety of constitutional arguments into his brief. None have merit; the IRS summonses issued here are commonplace, and have been upheld in similar circumstances. See, e.g., Powell, 379 U.S. 48. The district court properly denied Maxton's petition to quash and ordered enforcement of the third

4

party recordkeeper summonses issued by the IRS.  Its judgment is therefore

A F F I R M E D.