# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 6, 2011

Lyle W. Cayce
Clerk

No. 10-60663
Summary calendar

SUA INSURANCE COMPANY, a Delaware corporation,

Plaintiff–Appellee

v.

WILFRED BURAS, individually, doing business as American Quality Builders, Incorporated, doing business as Wilfred Buras Construction,

Defendant–Appellant

Appeal from the United States District Court
for th Southern District of Mississippi
Case No. 1:10-cv-0033-HSO-JMR

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[1]

The defendant–appellant Wilfred Buras appeals the district court's entry of a default judgment against him and in favor of the plaintiff–appellee SUA Insurance Company. Finding no ground to set aside the judgment, we affirm.

SUA instituted this declaratory-judgment action in January 2010, seeking a determination that a Commercial General Liability insurance policy it issued

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60663

to Buras does not obligate it to defend or indemnify Buras in ongoing state-court litigation between Buras and two former clients of his homebuilding business. Buras was served with a summons and a copy of the complaint in April 2010. Buras did not file an answer, so in June 2010 SUA moved for—and the clerk of court granted—the entry of Buras's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. One month later, SUA moved for a default judgment under Rule 55(b)(2). Buras did not respond, so the district court granted the motion and entered a default judgment declaring that SUA has no duty to defend or indemnify Buras in the underlying state-court litigation.

We review the district court's decision to enter a default judgment for an abuse of discretion. *Rogers v. Hartford Life & Accident Co.*, 167 F.3d 933, 936 (5th Cir. 1999).[2] Three factors guide our review: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *Id.* at 938–39 (citation, internal quotation marks, and brackets omitted). In this case, all three factors weigh in favor of the judgment. Setting it aside would prejudice SUA by requiring it to continue to fund Buras's defense costs in the state-court litigation during the pendency of this action. Buras has not even hinted at what his defense might be. And his conduct was culpable: he was aware of the suit and chose not to defend against it.[3]

---

[2] Ordinarily a party seeking to have a default judgment set aside files a motion in the district court under Rule 55(c) or Rule 60(b). Buras did not do so, but he was not required to, as a default judgment is directly appealable under 28 U.S.C. § 1291. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001).

[3] Buras's awareness of the suit is demonstrated by the fact that he filed a motion to dismiss for insufficient service of process. SUA cured any insufficiency by re-serving Buras after he filed the motion. Buras took no further action. We note here that while Buras's filing of the motion does constitute an appearance, he received sufficient notice of SUA's motion for a default judgment when he was served with a copy of the motion more than three weeks before the court granted it. *See* FED. R. CIV. P. 55(b)(2); *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993) (per curiam); *Sec. Exch. Comm'n v. First Fin. Group of Texas,*

No. 10-60663

Buras advances three arguments as to why we should set aside the default judgment against him. None persuades us that the district court erred. First, he contends that the default judgment should be set aside because he "was not notified of a hearing before the Court." However, valid service of process puts a defendant on notice that failure to file an answer to the complaint subjects him to the risk of a default judgment. *See* FED. R. CIV. P. 12(a)(1) & 55(a); *Rogers*, 167 F.3d at 937. "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument" before entering a default judgment. *First Fin. Group of Texas,* 659 F.2d at 669.

Second, Buras contends that he has "the right to representation at all Court hearings that are pertaining to" him. This is not the law. A defendant in a civil action pertaining to insurance coverage does not enjoy the right to have an attorney appointed to represent him. *See Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (per curiam). "One who elects to proceed in a trial court, Pro se, does so at his own peril." *United States v. Blackwood*, 582 F.2d 1244, 1246 (10th Cir. 1978) (per curiam).

Finally, Buras argues that because his line of work requires him to carry insurance, "SUA Insurance should not be able to get out of defending me." But Buras forfeited his right to argue that SUA has a duty to defend and indemnify him when he declined to answer SUA's complaint. This single sentence of argument does not establish the district court erred in entering a default judgment against him. Consequently, the judgment of the district court is AFFIRMED.

---

*Inc.*, 659 F.2d 660, 669 (5th Cir. Oct. 1981).